**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CR-0115-CVE |
| ) | |
| MARK DAVID LONG, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Unopposed Motion to Declare Case a Complex Matter and to Continue Jury Trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Dkt. # 11). Defendant asks the Court to declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Counsel for the government does not oppose defendant's request to declare this matter a complex case. Dkt. # 11, at 1.

On October 4, 2016, a grand jury returned an indictment charging defendant with three counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Dkt. # 2. Defendant could be imprisoned for up to 20 years on each count, because the visual depictions allegedly involve a minor under the age of 12 years old. Dkt. # 2. Defendant made his initial appearance on November 1, 2016 and he appeared with retained counsel, Edward Lindsey. Dkt. # 4. Lindsey states that the discovery in this case is not voluminous but review of the discovery is time consuming, because Lindsey must review the discovery at a government facility. Dkt. # 11, at 2. In addition, defendant may seek to retain an expert to review the discovery. However, Lindsey will have to obtain a mirror image of the hard drive in possession of the government, and the expert will also have to review the discovery at a government facility. This case arises out of an investigation into a website called "Playpen," and there have been complex Fourth Amendment

issues that have been litigated in federal district courts. In particular, the Federal Bureau of Investigation (FBI) obtained a warrant allowing it to implement a Network Investigation Technique that would transmit information to a government computer located in the Eastern District of Virginia. United States v. Broy, ___ F.3d ___, 2016 WL 5172853 (C.D. Ill. Sep. 21, 2016). The FBI operated Playpen for about two weeks and it tracked the IP addresses of persons who accessed the website. Id. at *1. Lindsey states that he will need time to conduct legal research after reviewing the discovery materials to determine if it would be appropriate to file a motion to suppress evidence, and the Fourth Amendment issues are likely to be novel and complex. Dkt. # 11, at 3. The case is currently set for trial on December 19, 2016, and Lindsey asks the Court to continue the case to the April 2017 jury trial docket. Defendant has executed a speedy trial waiver. Dkt. # 10.

Defendant asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 11. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is

2

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendant asks the Court to declare this matter a complex case and set the case for an April 2017 jury trial due the complexity of the legal issues and the difficulty in reviewing discovery materials. Review of discovery materials in a child pornography case can be difficult and time-consuming, because the government maintains control of the images and the discovery cannot simply be handed to defense counsel. Defense counsel must review the discovery at a government facility and any expert retained by defendant must follow the same procedure. This case also involves complex Fourth Amendment issues, and several district courts have found that the search warrant used to obtain the identity of users of the Playpen website was invalid. However, courts have split on whether evidence should be suppressed under the good faith exception. United States

v. Ammons, __ F.3d ___, 2016 WL 4926438 (W.D. Ky. Sep. 14, 2016) (declining to suppress evidence under the good faith rule); United States v. Workman, ___ F.3d ___, 2016 WL 5791209 (D. Colo. Sep. 6, 2016) (finding that the good faith rule did not apply and suppressing evidence). The Court finds that this matter should be declared a complex case due to difficulties in reviewing discovery and complex Fourth Amendment issues. It would not be reasonable to expect defense counsel to be prepared to proceed to trial on December 19, 2016, and the Court finds that defendant's request to set this case for trial in April 2017 is reasonable. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendant's interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Declare Case a Complex Matter and to Continue Jury Trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) (Dkt. # 11) is **granted**. All deadlines in the scheduling order (Dkt. # 7), including the jury trial set for December 19, 2016, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | **March 6, 2017** |
| Responses due: | **March 20, 2017** |
| **PT/CP/Motions Hearing:** | **March 30, 2017 at 9:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | **April 17, 2017** |
| **Jury Trial:** | **April 24, 2017 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from December 19, 2016, inclusive, to April 24, 2017, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 14th day of November, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE